UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAREFIRST ADVANTAGE PPO, INC., <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | Civil Action No. 26-0150 (AHA) |

**DEFENDANTS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

The Defendants respectfully submit this response to the Plaintiff's Notice of Supplemental Authority.  Although Plaintiff CareFirst Advantage PPO, Inc. ("CareFirst") concedes that Centers for Medicare & Medicaid Services ("CMS") had legal authority to correct the data error at issue in this matter, it maintains that CMS's April 2023 memorandum announcing the availability of patient safety data, A.R. 1-6, failed to give it sufficient notice that patient safety data reported in July 2024 could be subject to error correction.  In its Notice of Supplemental Authority, ("Pl.'s Notice of Supp. Auth.," ECF No. 18), CareFirst claims new language in CMS's most recent annual patient safety data memorandum  ("April 2026 memorandum") is "relevant to the Court's resolution of this dispute because it contains certain cautionary text that CMS did *not* include in the annual guidance in earlier years, including the April 2023 Guidance."   Pl.'s Notice of Supp. Auth. 1.  CMS's changes did not tread new ground.  Instead, they reiterate CMS's statements found in other communications it sends plans that data released before publication of Star Ratings are not meant to be final.  Defs.' Memo. In Support of Cross-motion for Summ. J. ("Defs.' Summ. J. Br."), ECF No. 12.

To promote clarity and in light of this litigation,[1] CMS included new language in its April 2026 memorandum to reflect the communications CMS already makes to plans that patient safety data, like all other data released prior to publication of Star Ratings, is preliminary and subject to change.  First, CMS stated that "[t]he last monthly YOS 2026 reports released in July 2027 refers to the Patient Safety Reports which are inclusive of all the 2026 PDE and is to differentiate it from the monthly, incomplete patient safety reports which included partial 2026 PDE data."  Ex. 1 at 3 (changing "final YOS 2023 Patient Safety Reports" from April 2023 memo to "last monthly YOS 2026 reports.")  As CMS explained in its cross-motion for summary judgment, the April 2023 memorandum used the word "final" to describe the YOS 2023 patient safety reports released in July 2024 to differentiate between the monthly, incomplete patient safety reports and the completed report, not to indicate that the YOS 2023 patient safety reports released in July 2024 were not subject to revision before final publication in October.  Defs.' Summ. J. Br. 27.  The phrase "last monthly YOS 2026 reports" is intended to be more precise.

Second, CMS added the following language in its April 2026 memorandum:

> We remind all contracts that the data made available to sponsors as part of the last YOS 2026 July 2027 report is not final until the public release of Star Ratings. Therefore, Star Ratings rates shared in the monthly Patient Safety Reports and during plan previews, which is prior to the release of the Final Star Ratings in October, are preliminary and subject to change.

---

[1]    Although Defendant maintains that the language in its prior communications already was sufficiently clear, the Plaintiff's attempt to use Defendant's attempts at further clarity against it runs afoul of Evidence Rule 407, which renders inadmissible evidence of subsequent remedial measures to "prove culpable conduct when those measures 'if taken, would have made the injury or harm less likely to occur." *Medina v. Dist. of Columbia*, Civ. A. No. 97-594 (JMF), 2008 U.S. Dist. LEXIS 142778, at *14 (D.D.C. July 7, 2008).  Because the Court only can consider admissible evidence at summary judgment, the Court should deem the April 2026 memorandum inadmissible and decline to consider it.  But, even were the Court to consider it, it is immaterial for reasons discussed herein.

Ex. 1 at 3.  This language is substantially similar to language included in previous communications to Medicare Advantage organizations.  *See, e.g.*, A.R. 180 (September 11, 2025 memorandum stating, "[w]e remind all contracts that Star Ratings data shared prior to the release of Final Star Ratings in October are preliminary and subject to change."); A.R. 48 (August 6, 2024 memorandum describing the available Star Ratings data for each measure during the first plan preview —which included the patient safety measure—as "preliminary"); A.R. 72 (September 16, 2025 email correspondence with CareFirst stating that "[c]ontracts should focus on reviewing their Star Ratings data in [the Health Plan Management System] during the preview periods since these are the preliminary data that we anticipate posting on Medicare Plan Finder.").  As CMS has explained, correction of patient safety data accords with the purpose of CMS's plan preview process: to give plans the opportunity to identify errors and so that CMS can correct them, as happened here.  *See* Defs.' Summ. J. Br. 23-25.  In short, CMS's changes in the April 2026 memorandum simply restate what CMS makes clear in the many other communications it sends to plans: data released before publication of Star Ratings are not meant to be final.

\*   \*   \*

Dated:  May 4, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: _____ */s/ Allison I. Brown* _____
ALLISON I. BROWN
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-7822

*Attorneys for the United States of America*


*Of Counsel:*

MICHAEL B. STUART
General Counsel

ELIZABETH C. KELLEY
Deputy General Counsel
Chief Legal Officer for CMS

BETSY M. PELOVITZ
Associate General Counsel

JOCELYN S. BEER
Acting Deputy Associate General Counsel for Litigation

KENNETH R. WHITLEY
Attorney
Department of Health and Human Services
Office of the General Counsel

4