**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CAREFIRST ADVANTAGE PPO, INC.

          Plaintiff,

     v.

DEPARTMENT OF HEALTH AND HUMAN
SERVICES, *et al.*,

          Defendants.

Civil Action No. 26-cv-150

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO HOLD CASE IN ABEYANCE FOR TWO WEEKS**

For reasons set out below, Plaintiff CareFirst Advantage PPO, Inc. ("CareFirst") respectfully asks the Court to hold this case in abeyance for two weeks, through June 22, 2026. Pursuant to Local Rule 7(m), the parties conferred. Defendants take no position on this motion.

**INTRODUCTION**

This case involves CareFirst's challenge to CMS's calculation of CareFirst's 2026 Star Rating for its Medicare Advantage contract H7379. On May 27, 2026, the United States District Court for the Southern District of Georgia issued a decision in *Clover Insurance Company v. U.S. Department of Health & Human Services*, No. 2:25-cv-00142-LGW-BWC (S.D. Ga. May 27, 2026), setting aside 20 different measures used by CMS in calculating Clover Insurance Company's ("Clover") 2026 Star Ratings on the grounds that CMS exceeded its statutory authority and failed to comply with notice-and-comment rulemaking requirements. Because the *Clover* court's holdings were premised on systemic deficiencies in CMS's Star ratings methodology— rather than plaintiff-specific errors—the decision has the potential to affect the 2026 Star Ratings of all Medicare Advantage plans, including CareFirst's contract H7379.

In 2024, when confronted with comparable findings of systemic error in its Star Ratings methodology, CMS took industry-wide remedial action.  As a result, there is precedent for CMS to follow a similar course in response to the *Clover* decision. CareFirst therefore respectfully requests that this Court hold this case in abeyance for a limited period of time, through June 22, 2026, to afford CMS an opportunity to assess the implications of the *Clover* decision and determine whether industry-wide recalculation or other remedial action is warranted. Should CMS undertake such action, the relief CareFirst seeks in this case may be rendered moot, thereby eliminating the need for the Court to enter a decision, and thus conserving the resources of both the parties and the Court.

## PROCEDURAL POSTURE

As the Court is aware from the Complaint and the parties' summary judgment briefs, CareFirst challenges in this action the legality and reasonableness of CMS's calculation of CareFirst's 2026 Star Rating for its Medicare Advantage contract H7379. CareFirst has asked this Court to set aside its 2026 Star Rating as arbitrary, capricious, and not in accordance with law, and to order CMS to recalculate that rating by either of two methods, either of which would result in CareFirst obtaining a higher rating and saving more than $32 million it otherwise stands to lose in the form of lost quality bonus payments in 2027 if its current rating sticks.

In the parties' Joint Motion to Set Briefing Schedule, CareFirst respectfully requested a decision by May 26 in light of the timing concerns associated with the 2027 Medicare Advantage bid-submission calendar. *See* Dkt. 7 at 2-3. The Court has not yet issued its decision and, as explained below, good cause exists for the Court to pause this matter for a short period of time because circumstances that may arise from a decision recently handed down by another federal district court may render CareFirst's request for relief from this Court moot.

Counsel for CareFirst conferred with counsel of record for Defendants, Mr. Kenneth Whitley and Ms. Kirsten Roddy, and counsel for Defendants represented that Defendants take no position on this motion.

## REASONS TO GRANT ABEYANCE

### A.     The *Clover* decision.

A consequential decision from the Southern District of Georgia issued on May 27 has the potential to change the 2026 Star Ratings playing field for Medicare Advantage plans, including for CareFirst. In *Clover Insurance Company v. U.S. Dep't of Health & Human Servs., et al.*, No. 2:25-cv-00142-LGW-BWC, slip op. (S.D. Ga. May 27, 2026) (Dkt. 61) (a copy of which is attached here as Exhibit A for the Court's convenience), that court held that CMS exceeded its statutory authority and failed to engage in proper notice-and-comment rulemaking in key respects that are relevant to the calculation of 2026 Star Ratings for all Medicare Advantage plans, including CareFirst. Relevant here, the Court found that for ten measures that factor into the calculation of the Star Ratings, CMS violated 42 U.S.C. § 1395w-23(o)(4)(A)[1] by factoring into those measure scores certain data that went beyond the scope of data that the statute permits CMS to consider. The court set those measures aside as not in accordance with law.

The court also held with respect to ten other measures that CMS was required to, but did not, undertake notice-and-comment rulemaking before incorporating them into its Star Rating calculations.  *See* Ex. A at 60–71. Section 1395hh(a)(2) of the Medicare Act requires that any policy establishing or changing a substantive legal standard related to benefits, payment for

---

[1] The statute provides that "[t]he quality rating for a plan shall be determined according to a 5-Star rating system (based on the data collected under section 1395w-22(e) of this title)." 42 U.S.C. § 1395w-23(o)(4)(A).

services, or provider and beneficiary eligibility must be promulgated through notice-and-comment rulemaking. *See* Ex. A at 61, 70. The *Clover* court held that this requirement was triggered because Star Ratings measure specifications qualify as "statements of policy" and establish a "substantive legal standard" insofar as they serve as a deciding principle for payments and rebates plans receive from CMS, effectively determining the financial rights of Medicare Advantage organizations. *See* Ex. A at 64. Because CMS failed to follow procedure required by law, the Court set aside those measures.

**B.        Implications of the *Clover* decision**

The *Clover* decision warrants a brief pause of this case for two reasons.

First, given the nature of the case and the court's decision, the relief granted in *Clover* is not likely limited to the plaintiff in that case because it was premised on systemic, not plaintiff-specific, unlawful agency action. There is, therefore, good reason to believe that CMS may of its own accord apply the decision broadly, as the failure to do so would cause CMS to treat Medicare Advantage organizations differently for purposes of calculating Star ratings—which among other things is contrary to the purpose and intent of calculating and implementing Star Ratings.

There is precedent for CMS to take such industry-wide action as a result of courts determining that CMS made systemic errors in the calculation of Star ratings. Specifically, following a pair of decisions from this Court in 2024 which found CMS made systemic errors in its calculation of the 2024 Star Ratings, *see Elevance Health, Inc. v. Becerra*, 736 F. Supp. 3d 1 (D.D.C. 2024); *SCAN Health Plan v. Dep't of Health and Hum. Servs.*, No. 23-cv-03910, 2024 WL 2815789 (D.D.C. June 3, 2024), CMS, on its own, announced that it would recalculate the 2024 Star Ratings for *all* Medicare Advantage contracts. *See* Memorandum of June 13, 2024, from

CMS to Medicare Advantage Organization Compliance Officers.[2] Of note, as of the filing of this motion, CMS has not filed a notice of appeal (and thus also has not sought an emergency stay of the court's decision pending appeal).[3] While this might ordinarily not be significant, given the government's 60-day window to appeal, *see* Fed. R. App. P. 4(a)(1)(B), it is significant in the context of the Star Ratings program given the calendar of deadlines that must be met in order to maintain timely bid submissions and plan enrollment. *See* Dkt. 10-1 at 14–15 (chart of deadlines). If CMS follows the same course as it did two years ago, it would likely moot the need for this Court to grant the relief sought by CareFirst. Given the deadlines in the Medicare Advantage program, CareFirst believes CMS is likely to announce its intentions within the next two weeks.

Second, in the event that CMS does not take action on its own to apply broadly the decision from *Clover*, a short stay of these proceedings would give CareFirst time to move this Court for leave to file an amended complaint to state additional theories of relief on par with those sustained by the court in *Clover* and to address errors that arise from treating plans differently in the context of the Star Ratings program.

For the reasons stated, CareFirst respectfully moves the Court to hold this matter in abeyance for two weeks, through June 22, 2026.

---

[2] Available at https://www.cms.gov/files/document/updateto2025qualitybonuspaymentdeterminations.pdf.

[3] CMS did move immediately for reconsideration, but that motion was denied in relevant part. *Clover Insurance Company*, No. 2:25-cv-00142-LGW-BWC (S.D. Ga.), Dkt 64.

Dated: June 8, 2026

Respectfully submitted,

By: /s/ Daniel W. Wolff
    Daniel W. Wolff, D.C. Bar No. 486733
    CROWELL & MORING LLP
    1001 Pennsylvania Avenue, N.W.
    Washington, DC 20004-2595
    (202) 624-2500
    dwolff@crowell.com

    Steven D. Hamilton (*pro hac vice* forthcoming)
    CROWELL & MORING LLP
    455 North Cityfront Plaza Drive
    Suite 3600
    Chicago, IL 60611
    (312) 379-7615
    shamilton@crowell.com

    *Attorneys for Plaintiff*